1
2
3
4
5
6

JOSEPH H. HARRINGTON
United States Attorney (EDWA)
*Vanessa R. Waldref*
*Rudy J. Verschoor*
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

7
8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

9
10
11
12
13
14
15
16
17
18

| UNITED STATES OF AMERICA, | ) | **NO.** |
| | ) | |
| Plaintiff, | ) | **UNITED STATES OF AMERICA'S** |
| | ) | **COMPLAINT FOR TRESPASS,** |
| vs. | ) | **ENCROACHMENT, DAMAGES,** |
| | ) | **DECLARATORY AND** |
| | ) | **INJUNCTIVE RELIEF** |
| WALTER RILEY & JANE DOE | ) | |
| RILEY, individually and as the marital | ) | |
| community comprised thereof, d/b/a | ) | |
| RILEY'S RIVER RANCH, | ) | |
| | ) | |
| Defendants. | ) | |

19
20
21
22

The United States of America, through its counsel Joseph H. Harrington, United States Attorney (EDWA), and the undersigned Assistant U.S. Attorneys, alleges, avers and claims as follows:

23

## I.     JURISDICTION AND VENUE

24
25
26
27
28

1.     This action is brought by the United States to enjoin Defendants' unauthorized and unlawful construction of buildings and structures on federal land, placement and storage of personal property on federal land, and depositing of cattle and other animal carcasses and other debris on land owned by the United States and

administered by the United States Army Corps of Engineers ("USACE" or "Corps"). The United States also seeks to recover damages and other relief on account of the Defendants' unauthorized, unlawful and injurious conduct.

2.    This action also is brought by the United States to enjoin Defendants' unauthorized and unlawful grazing, winter feedlot operation, and maintaining of livestock on lands owned by the United States and administered by the Corps.  The United States also seeks to recover damages and other relief on account of the Defendants' unauthorized, unlawful and injurious conduct.

3.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345.

4.    Venue is proper in this district court because Defendants own land and operate a ranching business in Whitman County, Washington, and the actions which the claims arise upon occurred or are continuing to occur on real property located in Whitman County, Washington, which is in the Eastern District of Washington (EDWA).

## II.    PARTIES

5.    The Plaintiff is the United States of America, acting through the United States Department of the Army and the United States Army Corps of Engineers ("USACE" or "Corps").

6.    Plaintiff is a sovereign and holds legal title to the public lands encompassing segment tracts 302, 303, 304-1, 309, and 312 in sections 4, 5, 8, and 9

COMPLAINT - 2

of township 13N and Range 40E, Willamette Meridian, located within the Little Goose Lock and Dam Project in Central Washington state.

7.      The Corps is charged by federal statute to manage, administer, and protect the public lands encompassing the Little Goose Lock and Dam project, pursuant to 16 U.S.C. § 460d.

8.      The land trespassed and encroached upon is in the Central Ferry Habitat Management Unit (CFHMU), which has been classified as "Wildlife Management General" under the Master Plan for Little Goose Lock and Dam Project.  This classification is intended to support habitat requirements under the Lower Snake River Compensation Plan, which was authorized by Congress pursuant to the Water Resources Development Act of 1976 (Public Law 94–587).

9.      Congress has set aside these lands for wildlife management, public recreation and dam operations.  As such, private (non-recreational) activities are prohibited, unless authorized under 36 C.F.R. § 327 or other applicable federal law/regulation.

10.      Tract 303 was purchased by the Corps in 1965 from Lester Riley.  Tract 302 was purchased from Harold Morgan in 1965.  The Defendants Walter Riley (Lester Riley's son) and Jane Doe Riley (Walter Riley's wife) are trespassing on 30.1 acres of Corps-managed lands.

11.       The Defendants are Walter Riley and Jane Doe Riley d/b/a Riley's River Ranch ("Defendants"), located at 10503 SR 127 Pomeroy, WA 99347.  Jane Doe

COMPLAINT - 3

Riley is believed to be the wife of Walter Riley and a member of the marital community comprised thereof.

### III.  **BACKGROUND**

12.    Defendants Walter Riley and Jane Doe Riley collectively own approximately 11,120 acres of land of which all but 12.5 acres are located in Garfield, Spokane, and Whitman counties.  Defendants presently have no permit or any other authorization issued under the authority of the Secretary of the Army that authorizes Defendants to use or occupy Corps-managed public lands.

13.    From at least 2011, Defendants have persistently and continuously placed and/or allowed livestock and other personal property to enter or be on the public lands within tracts 302, 303, 304-1, 309, and 312 of the Little Goose Lock and Dam project, within the Walla Walla District of the Corps.  Defendants have deprived the United States of its proprietary interest in these Corps-managed public lands, including, but not limited to, the following:

i.    On October 29, 2011, the Corps observed Defendants' ranching activity and personal property, including but not necessarily limited to hay bales placed on Corps-managed lands in violation of 36 C.F.R. §§ 327.14, 327.15, and 327.18.

ii.    On April 2, 2012, the Corps observed Defendants' ranching activity and personal property on the United States' property, including but not necessarily limited to over a dozen head of cattle, related manure piles, farming equipment, and

Defendants' building placed on the Corps-managed lands, in violation of 36 C.F.R. §§ 327.9, 327.11 , 327.14, 327.15, and 327.18.

  iii.  On August 21, 2012, the Corps observed Defendants' personal property, not necessarily limited to hay bales, feeders, and manure piles placed on Corps-managed lands, in violation of 36 C.F.R. §§ 327.9, 327.14, 327.15, and 327.18.

  iv. On March 1, 2013, the Corps observed Defendants' personal property associated with ranching operations, including but not necessarily limited to multiple head of cattle, feeders, manure and debris piles on Corps-managed lands, in violation of 36 C.F.R. §§ 327.9, 327.11, 327.14, 327.15, and 327.18.

  v.  On July 22, 2013, the Corps observed Defendants' personal property related to ranching operations, including but not necessarily limited to feeders, manure and debris piles, on Corps-managed lands in violation of 36 C.F.R. §§ 327.9, 327.14, 327.15, and 327.18.

  vi.  On March 21, 2014, the Corps observed personal property associated with Defendants' ranching operations, including but not necessarily limited to hay bales, vehicles, and equipment on Corps-managed lands in violation of 36 C.F.R. §§ 327.2, 327.14, 327.15, and 327.18.

  vii.  On June 20, 2014, the House of Representatives Committee on Appropriations issued Report 113-486, which noted that the Committee was aware of issues regarding the use of Corps land by certain landowners adjacent to the Lower

Snake River Project, and directed the Corps to "maintain the status quo use of these lands as long as good-faith efforts are being made to find resolution."

viii.    On November 10, 2014, the Corps observed personal property associated with Defendants' ranching operations including, but not necessarily limited to, a pile of over fifty animal carcasses, vehicles, machinery, debris piles, manure piles, tires, fencing, and metal tanks on Corps-managed lands in violation of 36 C.F.R. §§ 327.2, 327.9, 327.14, 327.15, and 327.18.

ix.    On November 24, 2014, the Corps observed Defendants' personal property associated with ranching operations, including but not necessarily limited to a pile of over fifty animal carcasses, vehicles, machinery, debris piles, manure piles, tires, fencing, and metal tanks located on Corps-managed lands, in violation of 36 C.F.R. §§ 327.2, 327.9, 327.14, 327.15, and 327.18.

x.    On December 16, 2014, the Corps observed personal property associated with Defendant's ranching operations, including but not necessarily limited to a pile of over fifty animal carcasses, vehicles, machinery, debris piles, manure piles, tires, fencing, and metal tanks placed upon Corps-managed lands, in violation of 36 C.F.R. §§ 327.2, 327.9, 327.14, 327.15, and 327.18.

xi.    On or about March 27, 2015, the Corps observed Defendants and/or agents of Riley's River Ranch spraying what appeared to be liquid manure on Corps-managed lands, in violation of 36 C.F.R. §§ 327.9 and 327.14.

xii.    On October 29, 2015, the Corps sent a report in response to House Report 113-486 (discussed above in vii). Therein the Corps gave a status update on its multiple efforts to try to amicably resolve Defendants' and other landowners' trespasses and encroachments on federal lands in the USACE's Walla Walla District. The report conveyed that the Corps was attempting to arrange a land exchange with Defendants, but Defendants were unwilling to pay the required administrative fees, and the offered land exchange was not compatible with wildlife mitigation.  Further, Defendant Walter Riley was not responsive to requests for additional negotiation on the proposed land exchange.  The Corps also reported that it did not have any further authority to offer Defendant a lease because such a lease would create a deficit of habitat mitigation acreage.

xiii.    On February 24, 2016, the Corps observed personal property associated with Defendants' ranching operations, including but not limited to livestock,  tractor tires, a wood shed, concrete pad, manure and debris piles, and an animal carcass pile located on Corps-managed lands, in violation of 36 C.F.R. §§ 327.9, 327.11, 327.14, 327.15, 327.18, and 327.20.

xiv.    On January 6, 2017, the Corps observed personal property associated with Defendants' ranching operations, including but not necessarily limited to tractor tires, a wood shed, concrete pad, manure and debris piles, and an animal carcass pile owned on Corps-managed lands, in violation of 36 C.F.R. §§ 327.9, 327.14, 327.15, 327.18, and 327.20.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

xv.    Based on the Corps' observations on January 11, 2018, and the multiple other site visits identified in this Complaint, the Corps prepared a map (dated January 12, 2018) documenting several, but not necessarily all of Defendants' encroachments on federal land, which summary is identified in Attachment A.

14.    In addition to violating 36 C.F.R. § 327.9, Defendants' carcass pile violates RCW 16.36.113.  On March 13, 2015, the Corps notified the Washington State Department of Agriculture of Defendants' unlawful dumping of cow and horse carcasses on Corps-managed lands.  The Washington State Department of Agriculture conducted an investigation and determined that not only was the carcass pile on the subject land, but it was also placed too close to an environmentally sensitive body of water (i.e., the Snake River).

15.    On May 7, 2015, Defendants were notified by the Washington State Department of Agriculture that their cow, horse, and other livestock carcass pile located on Corps-managed lands was located too close to a body of water in violation of WAC 16-25-025.  Defendants have since covered the animal carcass pile with dirt, without permission from the Corps, but the offending carcasses were not removed.

16.    Upon information and belief, and based on Defendants' previous unlawful practices, the Corps expects Defendants to continue to move their cattle and other ranching business operations on and/or through the subject Corps-managed lands in violation of 36 C.F.R. § 327.

17.    Defendants have not built any property boundary barrier between their private property and commercial cattle operations and the Corps-managed lands. The United States has no obligation to fence against such animals pursuant to RCW 16.24.090. Defendants have maintained a winter feedlot on Corps-managed lands, which Plaintiff contends encourages Defendants' cattle to enter the Corps-managed lands.

18.    Further, Defendants constructed a road that directly encroaches on Corps-managed lands, and which also damaged the habitat and interfered with the Congressionally mandated use of the federal lands for wildlife management, public recreation and dam operations.

19.    Defendants also constructed a large building, used for ranching operations, on a portion of land that directly encroaches on federal lands owned by the United States and managed by the Corps.

20.    Defendants have not compensated the United States for their unlawful and unauthorized conversion of federal lands for their own private and/or commercial use.

21.    Defendants have refused to move their cattle and/or personal property from lands owned by the United States and managed by the Corps despite repeated requests to do so by Corps authorized personnel, acting under the authority of the Secretary of the Army. The Corps' requests and Defendants' refusals to comply include, but are not necessarily limited to:

COMPLAINT - 9

i.     On April 4, 2012, the Corps sent a cease and desist letter to Defendants demanding that Defendants remove all property and terminate the unlawful use of the subject federal lands within 180 days. The letter included a map showing the boundary lines.  The Corps also offered to have the property line flagged for Defendants.

ii.     On October 22, 2012, after giving Defendants ample time to remedy the unlawful encroachment, the Corps conducted an inspection to determine if Defendants complied with the Corps' earlier cease and desist letter.  The Corps' inspection revealed that Defendants' unlawful encroachments remained.

iii.     On February 7, 2013, the Corps again sent a cease and desist letter to Defendants, requesting that Defendants remedy the continued livestock trespasses and encroachments by no later than April 30, 2013.

iv.     In January and February of 2014, the Corps contracted to perform an independent record of survey of the lands upon which Defendants were actively trespassing and encroaching.

v.     On June 4, 2014, the Corps met with Defendants regarding the possibility of a land exchange, under 33 U.S.C. §558b, in a sincere effort to try to resolve Defendants' unlawful encroachments and multiple trespasses.

vi.     On June 19, 2014, the Corps provided a copy of the Survey to Defendants and requested that all personal property and ranching operations be removed from the subject federal lands within 45 days of the Corps' letter to Defendants.

vii.     On October 1, 2014, the Corps sent Defendants a letter through their attorney, explaining that Defendants could purchase or lease the land that Defendants' building encroached upon, which would cost $5,600 to initiate the process, or alternatively Defendant could pursue a land exchange, which would cost $18,300 to initiate.  The Corps' letter included the necessary forms to start the process.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

viii.   On January 15, 2015, Defendants responded to the Corps' October 1, 2014, letter and expressed interest in a land exchange, but stated Defendants would not pay the administrative costs required to initiate that process.

ix.    Defendants have not submitted any of the required paperwork for the Corps to initiate a land exchange.  Defendants have also failed to identify any substitute lands suitable for a land exchange with the Corps, and have refused to pay any administrative fees related to a land exchange.  The Corps has repeatedly informed Defendants that the Corps' policies and procedures require the individual property owner benefiting from a land exchange (i.e., not the other United States taxpayers) to pay all associated administrative fees, in accordance and compliance with 10 U.S.C. § 2695, Engineer Regulation 405-1-12 and other applicable Corps policies (*see*, http://www.nww.usace.army.mil/Business-With-Us/Real-Estate).

x.    On May 19, 2016, the United States Attorney's Office, at the request of the Corps, again contacted Defendants and reaffirmed that Defendants were required to pay the administrative fees associated with any land exchange.  Plaintiff also advised that Defendants should build a fence to keep his cattle from unlawfully trespassing on the Corps-managed federal land.  The Corps also provided Defendants with formal, final notice that Defendants' cattle operations on the Corps' managed lands must cease, desist, and further instructed Defendants to prevent any further livestock trespasses and carcass dumping, and directed Defendants to resolve all unlawful encroachments.

xi.    On June 29, 2016, the Corps and Defendant met at Defendants' ranch to discuss Defendants' trespasses and encroachments. Plaintiff United States, through the U.S. Attorney's Office, sent Defendants a letter on August 5, 2016, memorializing items discussed at the parties' meeting, including but not necessarily limited to:  1) Defendants' use of federal lands violated both state and federal law; 2) the United States demanded a proposal from Defendants by August 26,

2016, describing actions Defendants would take to prevent further unlawful trespasses and encroachments; 3) advising Defendants that costs of the discussed land exchange would likely exceed $100,000; 4) though grazing leases are allowable, leasing the subject land to Defendants would conflict with the Corps' habitat mitigation obligation, and its purpose since Defendants' unlawful historical commercial use damaged the subject lands; 5) the least expensive and most effective option was for Defendants to *inter alia* build a fence; 6) the boundary line of the federal lands was previously adjusted around structures that existed in 1965, when the Corps purchased the land, and that Defendants' building unlawfully encroaching on federal land did not exist until sometime after 1975, meaning Defendants unlawfully constructed the structure on federal land.

xii.   On August 23, 2016, Defendants sent the Corps a letter restating their earlier interest in a land exchange, but also stating that Defendants would not pay the mandatory administrative costs associated with such an exchange.  Defendants did not discuss or propose any further viable actions for resolving Defendants' continuing unlawful trespass and encroachment.

xiii.  On October 21, 2016, the Corps sent Defendants a letter identifying five critical areas of trespasses and encroachments.

xiv.  On November 28, 2016, Defendants stated that the animal carcass pit was filled through self-action, and that a purported Conservation Reserve Program ("CRP") mix was planted over the area.

xv.   From at least 2011 to the present, on information and belief, Defendants continues to encroach on the subject federal property managed by the Corps.  Defendants have and continue to use federal lands for the storage of Defendants' hay or other materials, including but not limited to the parking of vehicles or farm equipment, and continued operation of the Defendants' farm/ranch operations without the required permission of the Corps.

22.    Upon information and belief, from at least 2011 (and perhaps for prior decades) to the present, Defendants unlawfully profited from their unlawful, private and commercial use of federal lands, despite possessing no legitimate property interest or other proper federal authorization to use, occupy or convert these lands to Defendants' personal and/or commercial use.

23.    Defendants' conduct and activities described in ¶¶ 11-21, including the above sub-parts, was intentional and contrary to federal law and/or regulations promulgated by the Secretary of the Army.

## IV.    COUNT 1:  VIOLATIONS OF FEDERAL LAW

24.    Defendants' continued livestock trespasses and associated encroachments violate federal law.

25.    Chapter 36 of Code of Federal Regulations (CFR) prohibits individuals from operating and parking vehicles on federal lands, except in authorized areas (Part § 327.2) for ranging, grazing, watering and/or allowing livestock on project lands, and with prior written authorization (Part § 327.11).  Chapter 36 also prohibits Defendants from damaging or altering public property (Part § 327.14(a)); abandoning or storing personal property on project lands (Part § 327.15); engaging in commercial activity on project lands (Part § 327.18); and constructing or placing any structure on project lands (Part § 327.20).

26.    Defendants' repeated, unlawful livestock trespasses and encroachments are deliberate, willful and/or knowing violations of federal law.  Further, Defendants

COMPLAINT - 13

have unlawfully constructed a road, part of a building and concrete slab, and have placed other feed, structures, equipment and general winter feedlot operation supplies on project lands owned by the United States.

27.     Defendants have not and cannot produce any written authorization justifying Defendants' unlawful personal and/or commercial use and damaging of the subject federal lands.

## VII.   COUNT 2:  VIOLATIONS OF STATE LAW

28.     Defendants' continued livestock trespasses and dumping of carcasses also violate Washington State Law.     Revised Code of Washington (RCW) Section 16.24.065 prohibits livestock owners from allowing livestock to run at large on lands owned by the United States, unless the owner has been granted grazing privileges in writing.  *See* RCW 16.24.065.

29.     Defendants' repeated trespasses are willful and deliberate. Defendants have placed feed, structures, equipment and general winter feedlot operation supplies on property owned and managed by the United States.

30.     Washington Administrative Code (WAC) 16-25-025 forbids leaving carcasses to decompose within 1,320 feet of a body of water.

31.     Defendants' placement of animal carcasses within 1,320 feet of a body of water (i.e., the Snake River) is willful and deliberate.

32.     Further, Defendants continued to add carcasses to the animal carcass pile, even after being notified that doing so violates WAC 16-25-025.

COMPLAINT - 14

## VIII.  COUNT 3:  TRESPASS & UNAUTHORIZED
## USE OF FEDERAL LAND

The United States incorporates its previous allegations as though fully set forth herein.

33.    As a direct and proximate result of Defendants' alleged conduct, Defendants have enjoyed the benefit of the use of federal lands at the expense of Plaintiff's proprietary and sovereign interests, and at the expense of United States' taxpayers, by unlawfully using, without authorization or payment, the public lands for grazing/winter feedlot operations, construction/placement of structures and a road, and the storing personal property.

34.    As stated above, Defendants' unauthorized livestock trespasses and associated unlawful encroachments are occurring at the Central Ferry Habitat Management Unit (HMU), Little Goose Lock and Dam Project, which is classified as "Wildlife Management General" under the Project Master Plan.  The HMU is intended to support habitat requirements under the Lower Snake River Compensation Plan, which was authorized by Congress under the Water Resources Development Act of 1976 (P.L 94-587).  Livestock can adversely impact wildlife habitat in numerous ways:

(A)    Livestock grazing not only affects vegetation characteristics, but also affects wildlife habitat structure and productivity.  Vegetation composition, soil compaction, and livestock deposition are three of the primary impacts of concern from Defendants' livestock trespasses.  Patterns of herbivory also largely determine plant community composition, structure, and productivity.

COMPLAINT - 15

(B)  Physical impact occurs through hoof action, pawing, and wallowing, grazing animals trample plants, breaking up soil surfaces, and incorporating seed into the soil and compact soils.  Deposition involves grazing animals contributing to nutrient cycling by depositing nitrogen-rich urine and dung, potentially leading to excess nutrients.

(C)  Based on the Corps' land management experience, research and field personnel observations, it is clear that the plant species community and composition currently present is not conducive with the Corps' wildlife habitat management mission for these lands.

(D)  Soil compaction is also evident along the roads established by Defendants, the cattle trails, and in the areas of Defendants' once active feedlot and watering operations.  Excessive nutrient levels accumulate in areas of livestock congregation, i.e. corrals, feed bunks, and water troughs, and is evident at the once active feedlot and watering operations areas, and in the large manure piles along with liquid manure disposal locations.

(E)  Other potential impacts on this site are herbicides and other pesticides. Usage of these types of products is unknown, but upon examination of the area on October 11, 2016, it is apparent herbicides were used in the past to control broadleaf weeds.  This is evident due to the abundant Russian thistle, rush skeletonweed, and other invasive species, both on Corps-managed lands and adjoining railroad lands.

35.    Defendants are liable and indebted to the United States for Defendants' willful repeated trespasses and/or unauthorized use fees, administrative costs, and restoration costs, in an amount to be proven at the time of trial.  Further fees and costs will increase the debt Defendant owes to Plaintiff as Defendant's unlawful conduct continues and as further administrative expenses are incurred in remediation and through prosecution of this action for remedial and injunctive relief.

COMPLAINT - 16

## IX.    COUNT 4:  INJUNCTIVE RELIEF FROM DEFENDANTS' TRESPASS

36.    Defendants have consistently and continuously expressed an intent to continue to defy the federal authority, including that of the Secretary of the Army, delegated to the U.S. Army Corps of Engineers, to administer the public lands within the Central Ferry HMU, Little Goose Lock and Dam Project, lower Snake River.

37.    Defendants have repeatedly and continuously expressed an intent to place or allow their livestock to trespass on federal land without limitation, to construct and maintain structures and roads on federal land, and to place personal property, debris, and animal carcasses on Corps-managed public land, all contrary to the expressed directives of the Corps officers and personnel, acting under the authority of the Secretary of the Army.

38.    Plaintiff has no adequate remedy at law to address Defendants' continuous and persistent unlawful conduct, and therefore seeks a preliminary and permanent injunction prohibiting Defendants from placing or allowing unauthorized livestock trespasses, constructing structures and roads, and from placing personal property on the public lands administered by the Corps.

## X.    PRAYER FOR RELIEF

WHEREFORE, the United States prays for judgment and relief against Defendants as follows:

COMPLAINT - 17

1.     For damages attributed to the Defendants' livestock trespasses and/or encroachments and unauthorized use, together with additions and accruals to date of judgment, according to the proof provided;

2.     For declaratory relief finding that Defendants have unlawfully grazed and conducted feedlot operations for livestock, and has placed/stored personal property and/or structures on Corps-managed lands in violation of 36 C.F.R. §§ 327.2, 327.9, 327.11, 327.14, 327.15, and 327.18;

3.     For preliminary and permanent injunctive relief prohibiting Defendants from placing or allowing unauthorized livestock or property from entering or being on the government lands administered by the Corps, without proper authorizations;

4.     For further injunctive relief directing and requiring Defendants to remove all encroachments and personal property from the subject federal lands, including but not limited to all metal buildings, cement slabs, railroad ties, wood buildings, roads, manure piles, debris, animal carcasses, equipment and materials, and further requiring Defendants to remediate and restore the subject disturbed federal lands by Defendants' unlawful occupancy, to their natural state; or alternatively to impose judgment against Defendants to cover the United States' reasonable expenses in performing such remedial and/or restoration actions;

5.     For the costs and fees of the suit pursued herein; and

6.     For such other and further relief as the Court deems proper, just or equitable in the premises.

COMPLAINT - 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RESPECTFULLY SUBMITTED this 19th day of January 2018.

JOSEPH H. HARRINGTON
United States Attorney

*s/ Vanessa R. Waldref*
Vanessa R. Waldref, AUSA
Rudy J. Verschoor, AUSA
Attorneys for Defendant United States



NORTH

Fence

State Hwy 127

Retaining Wall
Haybales
Feed Pellets
Lime bags
Metal Building and Silo

Tractor Wheels
Loading Dock
Tractor
Truck
Trailer

Grain Chutes
Wooden Shed
Guardrails
Concrete pad

Private Property
Boundary
U.S. Army Corps of Engineers

Dirt Road
Internal Fence

Steel cables and posts
Logs and poles
Gate
Wood Fenceposts
Scrap lumber
Steel Fenceposts
Tires
Railroad Ties
Internal Fence

Silos
Fence Panels
Cargo Container
Miscellaneous Equipment
Irrigation Center-Pivot

Wood Pallets
Pallet Tanks

U.S. Army Corps of Engineers
Boundary

Downstream Area

Manure Pile Remnants
Manure Pile Remnants
Manure Pile Remnants
Gate

Railroad Property
Boundary
U.S. Army Corps of Engineers

Backfilled Carcass Pit
Dirt Road

Scale 1:2,600     1 inch = 217 feet



**US Army Corps of Engineers®**
Walla Walla District

Prepared by:  **John Gordon**
*Clarkston Natural Resources Office*
*100 Fair St, Clarkston, WA 99403*
john.L.gordon@usace.army.mil
(509) 751-0252

**Riley River Ranch Encroachment**
**Status Report**
*Objects Remaining at Encroachment Sites*

January 12, 2018

T 13 N, R 40 E, Sec. 4, 5, 8, Willamette Meridian

This product was produced from geospatial information by the U.S. Army Corps of Engineers. Geospatial data and products may be developed from sources of differing accuracy, accurate only at certain scales, based on modeling or interpretation, incomplete while being created or revised, etc. Using this product for purposes other than those for which it was intended may yield inaccurate or misleading results. USACE assumes no liability for correctness or accuracy, and reserves the right to correct, update, or modify geospatial data and/or products without notification.

Attachment A

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**  County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
         Plaintiff

❏ 2   U.S. Government
         Defendant

❏ 3   Federal Question
          *(U.S. Government Not a Party)*

❏ 4   Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br> Student Loans<br> (Excludes Veterans)<br>❏ 153 Recovery of Overpayment<br> of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br> Liability<br>❏ 320 Assault, Libel &<br> Slander<br>❏ 330 Federal Employers'<br> Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br> Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br> Product Liability<br>❏ 360 Other Personal<br> Injury<br>❏ 362 Personal Injury -<br> Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury -<br> Product Liability<br>❏ 367 Health Care/<br> Pharmaceutical<br> Personal Injury<br> Product Liability<br>❏ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br> Property Damage<br>❏ 385 Property Damage<br> Product Liability | ❏ 625 Drug Related Seizure<br> of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br> 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 375 False Claims Act<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br> Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/<br> Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information<br> Act<br>❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure<br> Act/Review or Appeal of<br> Agency Decision |
| ❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | ❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/<br> Accommodations<br>❏ 445 Amer. w/Disabilities -<br> Employment<br>❏ 446 Amer. w/Disabilities -<br> Other<br>❏ 448 Education | **Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate<br> Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee -<br> Conditions of<br> Confinement | ❏ 710 Fair Labor Standards<br> Act<br>❏ 720 Labor/Management<br> Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical<br> Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement<br> Income Security Act<br><br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration<br> Actions | ❏ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>❏ 871 IRS—Third Party<br> 26 USC 7609 | ❏ 950 Constitutionality of<br> State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
         Proceeding

❏ 2   Removed from
         State Court

❏ 3   Remanded from
         Appellate Court

❏ 4   Reinstated or
         Reopened

❏ 5   Transferred from
         Another District
         *(specify)*

❏ 6   Multidistrict
         Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN
         COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:       ❏ Yes   ❏ No

## VIII.  RELATED CASE(S)
          IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.